UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00304-JRW-RSE

**ANN HINES**                                                                                                    **PLAINTIFF**

**VS.**

**SAFECO INSURANCE COMPANY OF AMERICA**                                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two Motions to Compel. First, Plaintiff, Ann Hines ("Hines"), filed a Motion to Compel Defendant to Respond to Discovery. (DN 32). Second, Defendant, Safeco Insurance Company of America ("Safeco"), filed a Motion to Compel Plaintiff's Financial Records. (DN 42). Fully briefed, these matters are ripe for adjudication.

Also pending before the Court is Hines' Motion for Settlement Conference. (DN 52). Safeco filed a Response but does not object to Hines' most recent Motion. (DN 53). This matter, therefore, is also ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Court referred this matter to the undersigned Magistrate Judge for determination of non-dispositive matters. (DN 17). The Court addresses each Motion in turn, concluding that for the reasons set forth below, both Motions to Compel, (DNs 32 & 42) are **GRANTED in part and DENIED in part**, and Hines' Motion for Settlement Conference (DN 52) is **GRANTED**.

**I.    BACKGROUND**

This first-party action by an insured, Hines, against her insurer, Safeco, stems from a series of fires at Hines' residence. (DN 1-2 at p. 4). On April 19 and 20, 2017, four separate fires of

unknown origin occurred at Hines' residence, severely damaging her home and its contents. (*Id*.). Following an investigation conducted by the Louisville Metro Arson Bureau ("LMAB"), Safeco referred Hines' claim to its Special Investigation Unit ("SIU") on April 24, 2017. (*Id*. at p. 10). Safeco ultimately denied Hines' claim on October 3, 2017. (*Id*. at p. 15).

On April 18, 2018, Hines filed a Complaint against Safeco in state court alleging breach of contract and bad faith claims, including violations of the common law duty of good faith and fair dealing, the Kentucky Unfair Claims Settlement Practices Act, and the Kentucky Consumer Protection Act. (*Id*. at p. 17-22). Safeco removed the case to this Court, (DN 1), and timely filed an Answer, (DN 6). Safeco also filed a Motion to Bifurcate and Stay Discovery. (DN 9). On February 25, 2019, the Honorable Colin H. Lindsay granted Safeco's Motion and stayed discovery regarding the bad faith claims pending resolution of the breach of contract claim. (DN 15). Discovery then proceeded on the contractual claim only, but disputes concerning document production, *see* (DNs 23, 24, 25, 28, & 31), resulted in the subject Motions.

## Motions to Compel

First, Hines' Motion moves the Court to compel Safeco to supplement its discovery responses by producing a variety of documents that Safeco has withheld under claims of work-product or attorney-client privilege. (DN 32). Hines also requests Safeco to produce its claim handlers for deposition. (*Id*.). Safeco opposes Hines' Motion and argues that because it reasonably anticipated litigation beginning on April 24, 2017, the contested discovery is protected by the work-product doctrine and attorney-client privilege. (DN 34). Safeco also objects to producing the requested claim handlers for deposition. In the alternative, Safeco suggests that Hines depose a corporate representative from Safeco and non-party witnesses to obtain the information gathered throughout Safeco's investigation. (*Id*.).

Second, Safeco's Motion seeks to compel Hines' financial records post-dating the April 19 and 20, 2017 fires to the present. (DN 42). Safeco maintains that Hines placed her financial condition squarely at issue in this lawsuit, and thus, the requested records are necessary to gain a broader picture of Hines' perceived financial condition at the time of the fires. (*Id.*). Hines objects and reasons that her financial records following the fires are not relevant to this matter. (DN 43). Hines further argues that she will suffer improper prejudice if Safeco were permitted to probe into irrelevant and otherwise confidential information concerning Hines' post-fire financial condition. (*Id.*).

## II. LEGAL STANDARD

A motion for an order compelling disclosure or discovery is governed by Rule 37 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37. Generally, the scope of discovery is far-reaching as "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "The party who files a motion to compel discovery 'bears the burden of demonstrating relevance.'" *Burrell v. Duhon*, No. 5:18-CV-00141-TBR-LLK, 2019 WL 2319525, at *2 (W.D. Ky. May 31, 2019) (quoting *Albritton v. CVS Caremark Corp.*, No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016)); *see also Escalera v. Bard Med., a Div. of C.R. Bard, Inc.*, No. 4:16-CV-00121-JHM, 2017 WL 4012966, at *3 (W.D. Ky. Sept. 12, 2017) ("[I]t is the moving party's obligation to explain the need for the information, demonstrate why obtaining the information would be a judicious use of resources, and offer an explanation why compliance would

not be burdensome."). As with most matters involving discovery, the determination of whether information might be relevant is within the sound discretion of the trial court. *Albritton*, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)).

### III. DISCUSSION

#### a. Hines' Motion to Compel

Hines' Motion to Compel raises issues related to both the work-product doctrine and the attorney-client privilege. *See generally* (DN 32). "In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client [privilege] claims." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006) (citing *Baker v. GMC (In re GMC)*, 209 F.3d 1051, 1053 (8th Cir. 2000)) (additional citations omitted). Pursuant to Rule 501 of the Federal Rules of Evidence, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Kentucky has codified the attorney-client privilege (or "lawyer-client privilege," as it is called under Kentucky law) in Rule 503 of the Kentucky Rules of Evidence. Accordingly, the Court will apply Kentucky law with respect to Safeco's assertion of attorney-client privilege. Conversely, "[t]he work-product doctrine is a procedural rule of federal law; thus, Federal Rule of Civil Procedure 26 governs in this diversity case." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) (citing *In re Powerhouse Licensing*, 441 F.3d at 472).

#### i. Work-Product

"The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *Shaheen v. Progressive Cas. Ins. Co.*, No. 5:08-CV-00034-R, 2012 WL 3644817, at *5 (W.D. Ky. Aug. 24, 2012) (quoting *In re*

4

*Professionals Direct Ins. Co.*, 578 F.3d at 438 (citation omitted)); *see also United States v. Nobles*, 422 U.S. 225, 236-39 (1975). Rule 26(b)(3) divides work-product into two categories: "ordinary" work-product and "opinion" work-product. *See In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986); *Cobble v. Value City Furniture*, No. CIV.A. 3:06-CV-631, 2008 WL 114937, at *2 (W.D. Ky. Jan. 10, 2008) (quoting *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000)). Ordinary work-product is (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). "Opinion work-product" is "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The work-product doctrine provides ordinary work-product only a qualified protection against discovery, while opinion work-product receives almost absolute protection from discovery. *Roach v. Hughes*, No. 4:13-CV-00136-JHM, 2015 WL 13548427, at *5 (W.D. Ky. Aug. 3, 2015); *see also* Fed. R. Civ. P. 26(b)(3)(B); *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002); *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 660 (6th Cir. 1976). However, the work-product doctrine does not protect facts concerning the creation of work-product or facts contained within work-product. *Roach*, 2015 WL 13548427, at *6.

The Sixth Circuit has adopted a two-part test that asks "(1) whether a document was prepared 'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose, and (2) whether that subjective anticipation was objectively reasonable." *In re Professionals Direct Ins. Co.*, 578 F.3d at 439 (citing *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006)). "Because documents are not protected if they were created for nonlitigation

purposes, regardless of content, '[d]etermining the driving force behind the preparation of each requested document is therefore required in resolving a work product immunity question.'" *Young v. Chapman*, No. 3:14-CV-666-JHM-CHL, 2016 WL 1717226, at *6 (W.D. Ky. Apr. 28, 2016) (quoting *Roxworthy*, 457 F.3d at 595). The burden is on the party claiming protection to show that anticipated litigation was the "driving force behind the preparation of each requested document." *Id.* at *4. If a document is prepared in anticipation of litigation, the fact that it also serves an ordinary business purpose does not deprive it of protection. *Id.* (citation omitted).

In her Motion to Compel, Hines reasons that because insurers investigate claims in the ordinary course of business, documents generated in the ordinary course of business are outside the scope of protection. (DN 32 at p. 13-14). Rather, documents only merit protection when their exclusive purpose is defense of litigation. (*Id.* at p. 15). In other words, "but for" the reasonable prospect of imminent litigation, the insurer would not have created the document. (*Id.*). Because Safeco created the documents Hines seeks to compel in the ordinary course of business related to adjusting her claim, Hines contends that Safeco invoked protection under the work-product doctrine too broadly and failed to meet its burden that the requested documents are entitled to protection. (*Id.* at p. 17-18).

Safeco claims that its protection under the work-product doctrine arose after Hines' claim was transferred to SIU on April 24, 2017. (DN 34). Safeco maintains that the discovery Hines seeks may be withheld because such documents were generated after Safeco reasonably anticipated litigation. (*Id.* at p. 4-8). Safeco further explains that the contested documents were created for the purpose of defending this lawsuit rather than to adjust or evaluate the merit of Hines' property damage claim. (*Id.*).

6

"Simply because an investigation occurs before a suit is filed does not mean that it was not done because of the prospect of litigation." *Stampley*, 23 Fed. App'x. at 470. The Sixth Circuit and other district courts have held that insurance claim files were prepared in anticipation of litigation despite the fact that the insurance companies were only investigating the potentially fraudulent claims. *See id.* (holding that litigation was reasonably anticipated and the documents were protected by the work-product doctrine because of the "suspicious nature" of the fire and the incident report filed by the Detroit Fire Department); *Lett v. State Farm Fire & Cas. Co.*, 115 F.R.D. 501, 503 (N.D. Ga. 1987) (holding that litigation was reasonably anticipated and portions of the claim file were protected by the work-product doctrine due to the suspicious nature of the fire and the referral to defendant's special investigation unit); *Chambers v. Allstate Ins. Co.*, 206 F.R.D. 579, 588 (S.D. W. Va. 2002) (holding that litigation was reasonably anticipated when it became fairly foreseeable to the insurer initially that the losses were caused by arson and the insured was involved in it); *see also Welle v. Provident Life & Accident Ins. Co.*, No. 312CV3016EMCKAW, 2013 WL 6020763, at *3 (N.D. Cal. July 31, 2013); *Jones v. Tauber & Balser, P.C.*, 503 B.R. 162, 194-95 (N.D. Ga. 2013).

Here, the Court finds that Safeco had a subjective anticipation of litigation because Hines' claim was almost immediately referred to its SIU group. Additionally, Safeco has established that it reasonably could have anticipated the prospect of litigation due to the suspicious nature of the fires. The Court therefore shall not compel Safeco to supplement its discovery responses because the documents generated after April 24, 2017 are sufficiently protected under the work-product doctrine.

### ii. Attorney-Client Privilege

Kentucky's "lawyer-client privilege" is set forth in the Kentucky Rules of Evidence. *Haney v. Yates*, 40 S.W.3d 352, 354 (Ky. 2000); *accord* KRE 503. It protects confidential communications made "for the purpose of facilitating the rendition of professional legal services." KRE 503(b). More specifically, the attorney-client privilege provides that "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998).

"Whether a particular communication is privileged depends (absent waiver) . . . on the facts and circumstances under which the communication was made." *Lexington Pub. Library v. Clark*, 90 S.W.3d 53, 59 (Ky. 2002). The privilege "should be strictly construed." *Haney*, 40 S.W.3d at 355. "[T]he party claiming the privilege . . . must provide the court with sufficient information to show the existence of the elements of the privilege and to allow review of that decision by higher courts." *Collins v. Braden*, 384 S.W.3d 154, 164–65 (Ky. 2012). The trigger for the privilege is the client's request for legal, as opposed to business, advice. *Lexington Pub. Library*, 90 S.W.3d at 60. It does not protect, for example, business advice or discussion of employment contract negotiations. *Lexington Pub. Library*, 90 S.W.3d at 59–60; *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 389 (W.D. Ky. 2007). Accordingly, blanket assertions of the privilege and plain declarations that a recipient is an attorney are inadequate. *See Stidham v. Clark*, 74 S.W.3d 719, 725 (Kentucky 2002). The party asserting the privilege bears the burden of showing that it applies. *Collins*, 384 S.W.3d at 164–65.

In her Motion, Hines seeks to compel David Sage ("Mr. Sage"), Safeco's counsel hired to

8

assist with the Hines' investigation. (DN 32). Hines claims that because Mr. Sage was hired by Safeco to guide the claims direction and not retained to provide legal counsel, Safeco's communications with Mr. Sage are not protected by attorney-client privilege. (*Id*. at p. 16, 23-24). In its Response, Safeco argues that Mr. Sage is irrelevant to Hines' breach of contract claim. (DN 34 at p. 10-12). Safeco also explains that because Mr. Sage was retained after it anticipated litigation, Mr. Sage's guidance is protected under attorney-client privilege. (*Id*.).

The Court notes that this is not a typical insurance action in which an insured makes a claim, the company investigates the claim and then denies coverage, and the insured files suit. Rather, because four separate fires occurred at Hines' residence within approximately 30 hours, it was reasonable for Safeco to anticipate litigation and subsequently seek the legal advice of outside counsel. Courts uniformly hold that communications between an insurance company and outside counsel retained to provide legal advice regarding coverage, rather than to perform routine claims adjustment, remain protected by the attorney-client privilege. *U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 1454008, at *5 (E.D. Mich. Apr. 26, 2012). Nothing in the record contradicts Safeco's assertion that it immediately considered the Hines investigation to be a legal matter rather than an ordinary claims decision. Safeco retained Mr. Sage to review Safeco's investigative materials and conduct examinations under oath. Accordingly, the Court concludes that Mr. Sage's testimony is within the scope of attorney-client privilege, as defined under Kentucky law.

### iii. Depositions

Finally, Hines' Motion to Compel moves the Court to order Safeco to produce Mr. Sage and Kathryn Daniels ("Ms. Daniels"), the lead SIU investigator located in California, for depositions in Kentucky. (DN 32). Safeco objects and claims that Ms. Daniels' and Mr. Sage's

knowledge and investigation are protected by privilege. (DN 34 at p. 10) ("[J]ust like an attorney representing Safeco, Ms. Daniels' knowledge and investigation are protected as work product, and therefore Plaintiff should not be permitted to depose her."). In opposing Hines' request, Safeco alternatively suggests that Hines "can depose a Safeco corporate representative to attest to all facts that support its denial of her claim. [Hines] can also depose the non-party witnesses who [Ms.] Daniels interviewed (such as Plaintiff's ex-husband) to obtain the same information that Safeco gathered in its investigation." (*Id.*). In her Reply, Hines rejects Safeco's suggestion because the corporate representatives proposed by Safeco, Elizabeth Tobler, Mandy Savage, and John Gibbs, worked on Hines' claim prior to its referral to SIU on April 24, 2017. (DN 36 at p. 13). Because these representatives had limited participation in the claim process, Hines argues that Ms. Daniels and Mr. Sage possess pertinent knowledge of Safeco's investigation and claim denial and should be produced for deposition. (*Id.* at p. 14-15).

Materials that were prepared in anticipation of litigation or trial may be discovered upon a showing of (1) substantial need of the materials to prepare the case and (2) inability without undue hardship to obtain a substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii); *Stampley*, 23 Fed. App'x. at 470. Substantial need consists of the relative importance of the information in the documents to the party's case and the ability to obtain that information by other means. *Suggs v. Whitaker,* 152 F.R.D. 501, 507 (M.D.N.C.1993). A party may be required to take the depositions of people who prepared the documents to obtain the information contained in them. *In re Int'l Sys. & Controls Corp. Sec. Litig.,* 693 F.2d 1235, 1240–41 (5th Cir.1982); *Suggs,* 152 F.R.D. at 507; *Hohenwater v. Roberts Pharm. Corp.,* 152 F.R.D. 513, 516 (D.S.C.1994); *Colonial Gas Co. v. Aetna Cas. & Sur. Co.,* 139 F.R.D. 269, 275 (D. Mass.1991). As a general rule, inconvenience and expense do not constitute undue hardship. *Colonial Gas,* 139 F.R.D. at 275.

Applying these principles to the facts presented, the Court determines that Hines shall be permitted depose Ms. Daniels. Safeco acknowledged that Hines is entitled to depose a Safeco representative to attest to all facts that support its denial of Hines' claim. (DN 34 at p. 10). But Tobler, Savage, and Gibbs lack sufficient testimony regarding Safeco's investigation of the April 19th-20th fires and the subsequent denial of Hines' claim due to the referral to SIU on April 24, 2017. As the lead SIU investigator, however, Ms. Daniels has adequate knowledge of Safeco's investigation as well as information supporting the claim denial. *See Stampley*, 23 Fed. App'x at 471 ("A party may be required to take the depositions of people who prepared the documents to obtain the information contained in them."); *Thompson v. Travelers Home & Marine Ins. Co.*, No. 4:15-CV-4688-BHH, 2016 WL 11606771, at *3 (D.S.C. May 3, 2016) ("Plaintiffs can thoroughly depose and examine the Defendant's adjuster and special investigator to find out all of their actions and decisions leading to the denial of the claim."). Accordingly, Safeco shall produce Ms. Daniels for deposition.

In her Motion, Hines specifically moves the Court to order Safeco to produce Ms. Daniels for a deposition in Kentucky. (DN 32 at p. 25). Safeco did not address this issue in its Response because Hines conceded that it was premature to litigate about the location of Ms. Daniel's deposition. (DN 34 at n. 5). However, due to the COVID-19 global pandemic and logistical issues that may arise in securing Ms. Daniels' deposition, the parties are directed to utilize video conferencing and/or other electronic means to take remote depositions, unless doing so would be impossible or unjust in this particular case. That notwithstanding, nothing in this order should be construed as a requirement—or even encouragement—for any deponent, party representative, or attorney to be present in person with each other or to otherwise violate the current guidance

regarding the importance and need for social distancing or any other current health guidelines regarding COVID-19.

### b. Safeco's Motion to Compel

Safeco's Motion seeks to compel Hines' financial records post-dating the April 19 and 20, 2017 fires to the present. (DN 42). Safeco maintains that Hines placed her financial condition squarely at issue in this lawsuit, and thus, the requested records are necessary to gain a broader picture of Hines' perceived financial condition at the time of the fires. (*Id.*). Hines objects and reasons that her financial records following the fires are not relevant to this matter. (DN 43). Hines further argues that she will suffer improper prejudice if Safeco were permitted to probe into irrelevant and otherwise confidential information concerning Hines' post-fire financial condition. (*Id.*).

As provided above, the "scope of discovery" encompasses "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). In analyzing proportionality, the trial court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery is likely outweighs its benefit." Fed. R. Civ. P. 26(b)(1).

Proportionality, however, cannot be demonstrated using vague, conclusory, or boilerplate language. *Waters v. Drake*, 222 F.Supp.3d 582, 605 (S.D. Ohio 2016). Rather, "[t]he party who

12

files a motion to compel discovery 'bears the burden of demonstrating relevance.'" *Burrell v. Duhon*, No. 5:18-CV-00141-TBR-LLK, 2019 WL 2319525, at *2 (W.D. Ky. May 31, 2019) (quoting *Albritton v. CVS Caremark Corp.*, No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016)); *see also Escalera v. Bard Med., a Div. of C.R. Bard, Inc.*, No. 4:16-CV-00121-JHM, 2017 WL 4012966, at *3 (W.D. Ky. Sept. 12, 2017) ("[I]t is the moving party's obligation to explain the need for the information, demonstrate why obtaining the information would be a judicious use of resources, and offer an explanation why compliance would not be burdensome."). When an objection to relevance is raised, the party seeking discovery must demonstrate that the request is relevant to the claims or defenses in the action. *See Durbin v. C&L Tilling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409, at *3 (W.D. Ky. Sept. 23, 2019) (citing *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008)). If that party demonstrates relevancy, the burden shifts to the party resisting discovery to demonstrate why the information or documents are not discoverable under the Federal Rules. *Id.*

Pursuant to the Complaint, this is a first-party breach of contract action arising out of a series of fires that occurred at Hines' residence between April 19 and April 20, 2017. *See* (DN 1-2). To date, Hines has produced more than 4,000 pages of documents in discovery, including voluminous financial records pre-dating the fires that are the subject of this dispute. (DN 43 at p. 9). Yet Safeco claims that Hines' financial records after the fires to the present are discoverable. (DN 42). The Court is not fully convinced that the totality of the requested records is subject to discovery, but Safeco's argument is not completely without merit. Rather, the undersigned determines that Hines' additional financial records are subject to discovery, but the Court will not permit Safeco to engage in a fishing expedition. Hines shall produce her financial records for one year post-dating the April 19, and April 20, 2017 fires.

13

## IV.  ORDER

Accordingly, and the Court being otherwise sufficiently advised;

**IT IS ORDERED** as follows:

1. Hines' Motion to Compel Defendant to Respond to Discovery (DN 32) is **GRANTED in part and DENIED in part**. Defendant shall produce Ms. Kathryn Daniels, the lead SIU investigator, for deposition by Plaintiff.

2. Safeco's Motion to Compel Plaintiff's Financial Records (DN 42) is **GRANTED in part and DENIED in part**. Plaintiff shall produce her financial records for one year post-dating the April 19 and 20, 2017 fires to Defendant.

3. Hines' Motion for Settlement Conference (DN 52) is **GRANTED**. A settlement conference will be scheduled by separate order.

Regina S. Edwards, Magistrate Judge
United States District Court

September 1, 2020

Copies:      Counsel of Record